**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JLS PUBLISHING LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>Defendants. | Case No. 2:26-cv-2080<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT**

Plaintiff JLS Publishing LLC ("Plaintiff"), by and through its undersigned counsel, hereby files this Complaint for copyright infringement under the Copyright Act against the Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A attached hereto (collectively, "Defendants"). All Defendants are knowingly and intentionally displaying, promoting, advertising, distributing, offering for sale, and selling infringing versions of Plaintiff's copyrighted works (the "Infringing Products"). In support hereof, Plaintiff, states as follows:

**I. NATURE OF ACTION**

1. Plaintiff brings this action for copyright infringement under the Copyright Act, 17 U.S.C. § 101 et seq. Plaintiff is the owner of valid and subsisting copyrights in certain original works of authorship. Defendant, without authorization, has reproduced, displayed, distributed, and/or created derivative works based on Plaintiff's copyrighted works in connection with the advertisement, offer for sale, and sale of unauthorized products through online marketplace

platforms. Below is a side-by-side comparison of Plaintiff's copyrighted works and an example of Defendants' products that embody Plaintiff's copyrighted works:

| **Reg. Number** | **Title of Work** | **Copyrighted Works** | **Example of Defendants' Products** |
|---|---|---|---|
| VA 2-491-054 | BVB-7.2 |  |  Doe #3 |
| VA 2-491-056 | BVB-2.1 |  |  Doe #2 |
| VA 2-490-903 | BVB-2.2 |  |  Doe #3 |
| | BVB 2.3 |  |  Doe #3 |

| | | | |
|---|---|---|---|
| | BVB 3.1 |  |  Doe #1 |
| | BVB 3.2 |  |  Doe #1 |
| | BVB-3.3 |  |  Doe #1 |
| | BVB-4.1 |  |  Doe #1 |

| | | | |
|---|---|---|---|
| | BVB-4.2 |  |  Doe #1 |
| | BVB-4.3 |  |  Doe #1 |
| | BVB-5.1 |  |  Doe #6 |
| | BVB-5.2 |  |  Doe #6 |
| | BVB-5.3 |  |  Doe #6 |

| | | | |
|---|---|---|---|
| | BVB-5.4 |  | <br>Doe #2 |
| | BVB-6.1 |  | <br>Doe #4 |
| | BVB-6.2 |  | <br>Doe #4 |
| | BVB-7.1 |  | <br>Doe #3 |

## II. JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. §§ 1338(a)-(b), and 28 U.S.C. § 1331.

3. Personal jurisdiction over each Defendant satisfies constitutional due process because each Defendant has purposefully directed and expressly aimed its tortious, infringing activities at the Commonwealth of Pennsylvania and established sufficient minimum contacts with Pennsylvania by, among other things, being willing to accept an order for a knockoff product advertised using Plaintiff's copyrighted works from a representative of Plaintiff with a Pennsylvania address, being willing to ship the infringing products to that representative in Pennsylvania, and being willing to collect Pennsylvania sales tax. In addition, upon information and belief, each Defendant has profited from advertising, offering for sale, and selling additional knockoff products using unauthorized copies of Plaintiff's copyrighted works to consumers within Pennsylvania not affiliated in any way with Plaintiff through the regular course of business, with the knowledge that Plaintiff is harmed in Pennsylvania as a result of its sales of infringing products to Pennsylvania residents. Plaintiff's claims arise out of and relate to Defendants' sales of products advertised and promoted using unauthorized copies of Plaintiff's copyrighted works to Pennsylvania residents through the regular course of business.

4. Personal jurisdiction over each Defendant also satisfies constitutional due process because the causes of action asserted herein, including copyright infringement, are intentional torts, were aimed at Pennsylvania, and caused harm that each Defendant should have anticipated would be suffered by Plaintiff in Pennsylvania.

5. Upon information and belief, Defendants have cooperated, communicated, shared information, and coordinated their efforts in order to create an infringing marketplace operating in parallel to the legitimate marketplace of Plaintiff and third parties authorized to use and license Plaintiff's copyrighted works, including: employing and benefitting from substantially similar paid advertising, marketing, and advertising strategies (e.g., search engine optimization or "SEO"), and using unauthorized copies or derivative works of Plaintiff's copyrighted works to advertise, market, offer for sale, and sell their knockoff products, in order to make their online storefronts appear more relevant and target a consumer searching for products embodying Plaintiff's signature product. By their actions, in addition to the damages associated with unauthorized use of Plaintiff's copyrighted works, Defendants are causing concurrent and irreparable harm to Plaintiff and the consuming public by: (1) reducing the online visibility of Plaintiff's copyrighted works; (2) diluting and eroding the retail market price for products associated with Plaintiff's copyrighted works; (3) causing overall degradation of the value of goodwill associated with Plaintiff's copyrighted works; (4) devaluing the exclusivity that enhances the worth of Plaintiff's art and reputation; and (5) increasing Plaintiff's overall cost to market its goods and enforce its copyrights while educating consumers about Plaintiff's copyrighted works.

6. Upon information and belief, Defendants are aware of Plaintiff and Plaintiff's copyrighted works and are aware that their infringement is likely to cause harm to Plaintiff in Pennsylvania.

7. Plaintiff is suffering irreparable and indivisible injury and has suffered substantial damages as a result of Defendants' unauthorized sale of the knockoff products in direct competition with Plaintiff.

8. Personal jurisdiction over each Defendant satisfies the Pennsylvania long-arm statute, and therefore Rule 4(k)(1)(A) of the Federal Rules of Civil procedure. 42 Pa. Cons. Stat. § 5322 (a) provides in pertinent part:

> "A tribunal of this Commonwealth may exercise personal jurisdiction over a person ... as to a cause of action or other matter arising from such person: (1) Transacting any business in this Commonwealth. Without excluding other acts which may constitute transacting business for the purpose of this paragraph: (ii) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit ... (3) Causing harm or tortious injury by an act or omission in this Commonwealth. (4) Causing harm or tortious injury by an act or omission outside this Commonwealth ... (10) Committing any violation within the jurisdiction of the Commonwealth of any statute, home rule charter, local ordinance or resolution, or rule or regulation promulgated thereunder by any government unit or of any order of court or other government unit."

Defendants are subject to jurisdiction under the Pennsylvania long-arm statute because, upon information and belief, Defendants have committed the intentional tort of copyright infringement in Pennsylvania by displaying Plaintiff's copyrighted works and/or derivative works in Pennsylvania, accepting orders from Pennsylvania residents, shipping infringing products into Pennsylvania, and collecting Pennsylvania use tax on such orders.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391: Defendants do not reside in the United States and are subject to venue in any district. Further, Defendants solicit business from this Judicial District and, upon information and belief, conduct and transact significant business in this Judicial District.

## III. INTRODUCTION

10. Plaintiff files this action to combat online infringers who trade upon Plaintiff's reputation and goodwill by using Plaintiff's copyrighted works (U.S. Reg. Nos. VA 2-491-054, VA 2-491-056, and VA 2-490-903) (the "BEVERAGE BARRICADE Works") in connection with the sale and advertising of knockoff products. *See* **Exhibit 1**. Like many other intellectual property

right owners, Plaintiff suffers ongoing daily and sustained violation of its intellectual property rights at the hands of infringers, such as Defendants herein. Defendants have created Internet Stores by the dozens, using, distributing, and displaying copies and derivatives of the BEVERAGE BARRICADE Works to sell inferior imitation versions of Plaintiff's product to unknowing customers. Plaintiff is and continues to be harmed, the consuming public is misled and confused, and Defendants earn substantial profits from their infringing activities.

11. Defendant Internet Stores share unique identifiers, such as design elements and similarities of the unauthorized products offered for sale, establishing a logical relationship between Defendants and suggesting that Defendant Internet Stores share common manufacturing sources and that Defendants' infringing operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants have gone to great lengths to avoid liability by concealing both their identities and the full scope and interworking of their infringing operation, including changing the names of their Internet Stores frequently, opening new Internet Stores, helping their friends open Internet Stores, and making subtle changes to their products. Plaintiff has been forced to file this action to combat Defendants' willful infringement of Plaintiff's copyrighted works as well as to protect unknowing consumers from purchasing knockoff products over the Internet. Accordingly, Plaintiff seeks injunctive and monetary relief.

## IV. THE PARTIES

### Plaintiff JLS Publishing LLC

12. Plaintiff is a North Carolina limited liability company and is the creator and seller of affordable, professional-grade restaurant tools, including the reusable can opener and can cover/protector that attaches to the pull tab of an aluminum beverage can (the "BEVERAGE BARRICADE Products"). Its main functions are to make the can easier to open, rotate over the

drinking opening to keep out bugs/dirt/sand, reduce spills, and use different colors to identify whose drink is whose. Plaintiff markets the BEVERAGE BARRICADE Products with the BEVERAGE BARRICADE Works, and allows consumers to purchase the genuine products through the company's website[1] and Amazon.[2]

13. The BEVERAGE BARRICADE Products at issue are known for blocking pests and debris in addition to making it easier to open cans. *See* **Exhibit 1**. Plaintiff uses the BEVERAGE BARRICADE Works in connection with producing, developing, advertising, promoting, offering for sale, and selling the BEVERAGE BARRICADE Products.

14. Plaintiff's products and its accompanying copyrighted works have been the subject of substantial and continuous marketing and promotion on social media throughout the United States.

15. Among the exclusive rights granted to Plaintiff under the U.S. Copyright Act are the exclusive rights to reproduce, distribute, and display the BEVERAGE BARRICADE Works to the public. Plaintiff has never granted authorization to Defendants to use Plaintiff's copyrighted works to distribute, advertise, market, offer to sell, or sell unauthorized goods.

16. Plaintiff launched the BEVERAGE BARRICADE Products in 2025, which are sold exclusively through its website3 and Amazon.[4] Plaintiff has been and continues to market and promote its copyrighted works and genuine products. As a result, products that incorporate the BEVERAGE BARRICADE Works are recognized and exclusively associated by consumers, the public, and the trade as products authorized by Plaintiff. The BEVERAGE BARRICADE Products are positively reviewed across social media.

[1] https://www.beveragebarricade.com/
[2] https://www.amazon.com/Beverage-Barricade-Protector-Families-Experience/dp/B01LY9C00F
[3] https://www.beveragebarricade.com/
[4] https://www.amazon.com/Beverage-Barricade-Protector-Families-Experience/dp/B01LY9C00F

17. Plaintiff is in the business of producing, developing, marketing, selling, and distributing the BEVERAGE BARRICADE Products, including within the Western District of Pennsylvania. Defendants' sales of the knockoff products by using Plaintiff's copyrighted works in violation of Plaintiff's intellectual property rights are irreparably damaging Plaintiff.

**Defendants**

18. Defendants are individuals and business entities who, upon information and belief, primarily reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within Pennsylvania and in this Judicial District, through the operation of fully interactive commercial websites or Defendant Internet Stores in various online marketplaces. Each Defendant targets the United States, including Pennsylvania, and has offered to sell and, on information and belief, has sold and continues to sell knockoff products to consumers within the United States, including Pennsylvania and this Judicial District.

19. Defendants are an interrelated group of infringers who create numerous Defendant Internet Stores and design these stores to appear to be selling genuine BEVERAGE BARRICADE Products by unlawfully using, displaying, reproducing, and creating unasuthorized derivations of Plaintiff's copyrighted works, while they actually sell inferior imitations of Plaintiff's BEVERAGE BARRICADE Products. Defendant Internet Stores share unique identifiers, such as common design elements, the same or similar knockoff products that they offer for sale, similar product descriptions, the same or substantially similar shopping cart platforms, accepted payment methods, and check-out methods, lack of contact information, and identically or similarly priced products and volume sale discounts. As such, Defendant Internet Stores establish a logical relationship between them and suggest that Defendants' illegal operations arise out of the same

transaction or occurrence. The tactics used by Defendants to conceal their identities and the full scope of their infringing operation make it virtually impossible for Plaintiff to learn the precise scope and the exact interworking of their network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

## V. DEFENDANTS' UNLAWFUL CONDUCT

20. Upon information and belief, at all relevant times hereto, Defendants in this action have had full knowledge of Plaintiff's ownership of the BEVERAGE BARRICADE Works, including its exclusive right to use and license such intellectual property and the associated goodwill.

21. Defendants have purposefully directed some portion of their infringing activities towards consumers in this District through reproducing, displaying, and using unauthorized copies of the BEVERAGE BARRICADE Works to advertise, market, offer for sale, and sell knockoff products to consumers in this District.

22. Defendants directly engaged in unfair competition with Plaintiff by reproducing, displaying, distributing, advertising, offering for sale, and selling knockoff products through their unauthorized copies of, or works derived from, the BEVERAGE BARRICADE Works to consumers within the United States and this District through their Internet Stores.

23. Infringers, such as Defendants here, are typically in communication with each other. They regularly participate in QQ.com chat rooms and communicate through websites such as sellerdefense.cn, kaidianyo.com, and kuajingvs.com, where they discuss tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

24. Defendants take advantage of the anonymity provided by the internet, which allows them to evade enforcement efforts to combat infringement. For example, infringers take advantage

of the fact that marketplace platforms do not adequately subject new sellers to verification and confirmation of their identities, allowing Defendants to "routinely use false or inaccurate names and addresses when registering with these Internet platforms." *See* **Exhibit 2**, Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, 41 NW. J. INT'L. L. & BUS. 24 (2020). Additionally, "Internet commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of counterfeits and counterfeiters." *Id.* at 25. Therefore, with the absence of regulation, Defendants may and do garner sales from Pennsylvania residents by setting up and operating e-commerce internet stores that target United States consumers using one or more aliases, offer shipping to the United States, including Pennsylvania, accept payment in U.S. dollars, and, on information and belief, have sold knockoff products to residents of Pennsylvania.

25. Defendants go to great lengths to conceal their identities by using multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores. Furthermore, Defendant domain names often use privacy services that conceal the owners' identities and contact information. Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms by using the identities listed in Schedule A of this Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of the many common tactics used by Defendants to conceal their identities, the full scope and interworking of their massive infringing operation, and to avoid being shut down.

26. The unauthorized products advertised and for sale in Defendant Internet Stores bear similarities and indicia of being related to one another, suggesting that the knockoff products are

manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated.

27. Defendants, without authorization or license from Plaintiff, knowingly and willfully used and continue to use the BEVERAGE BARRICADE Works in connection with the unauthorized products, through, *inter alia*, the internet. The unauthorized products are not BEVERAGE BARRICADE branded products of the Plaintiff. Plaintiff did not manufacture, inspect, or package the knockoff products and did not approve them for sale or distribution. Each of Defendant Internet Stores offers shipping to the United States, including Pennsylvania, and, on information and belief, each Defendant has sold knockoff products into the United States, including Pennsylvania.

28. Defendants' use of the BEVERAGE BARRICADE Works in connection with the advertising, distribution, offer for sale, and sale of infringing products, including the sale of infringing products into Pennsylvania, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

29. Upon information and belief, Defendants will continue to register or acquire listings for the purpose of selling infringing products that infringe upon the BEVERAGE BARRICADE Works unless preliminarily and permanently enjoined. As such, Plaintiff also seeks to disable domain names owned by Defendants that are the means by which Defendants could continue to infringe Plaintiff's intellectual property.

## COUNT I

## COPYRIGHT INFRINGEMENT (17 U.S.C. § 501(a))

30. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 29.

31. Plaintiff's copyrighted works have significant value and have been produced and created at considerable expense. Plaintiff is the owner of the BEVERAGE BARRICADE Works, which have been registered with the U.S. Copyright Office. *See* **Exhibit 1**.

32. Plaintiff, at all relevant times, has been the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, including, but not limited to, the copyrighted works, including derivative works.

33. Upon information and belief, Defendants had access to the works through Plaintiff's normal business activities. After accessing Plaintiff's works, Defendants wrongfully created copies of the Plaintiff's copyrighted works, displayed and distributed their infringing materials without Plaintiff's consent and engaged in acts of widespread infringement.

34. Plaintiff is informed and believes and thereon alleges that Defendants further infringed Plaintiff's copyrights by making or causing to be made derivative works from Plaintiff's works by producing and distributing reproductions without Plaintiff's permission.

35. Defendants, without the permission or consent of Plaintiff, have sold and continue to use unauthorized copies of, and/or works derived from, Plaintiff's copyrighted works to advertise, market, offer for sale, and sell knockoff products online. Defendants have violated Plaintiff's exclusive rights of display, reproduction, and distribution. Defendants' actions constitute an infringement of Plaintiff's exclusive rights protected under the Copyright Act, 17 U.S.C. § 101, et seq.

36. As a direct result of their copyright infringement, Defendants have obtained direct and indirect profits they would not have otherwise realized but for their infringement of the Plaintiff's copyrighted works. Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to their infringement of Plaintiff's copyrighted works.

37. The foregoing acts of infringement constitute a collective enterprise of shared, overlapping facts, and have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

38. As a result of Defendants' infringement of Plaintiff's exclusive rights under its copyrights, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504, and to recovery of its costs and attorneys' fees pursuant to 17 U.S.C. § 505.

39. The conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502-503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing Plaintiff's copyrights and ordering that Defendants destroy all unauthorized copies. Alternatively, Defendants' copies, digital files, and other embodiments of Plaintiff's copyrighted works from which copies can be reproduced should be impounded and forfeited to Plaintiff as instruments of infringement, and all knockoff copies created by Defendants should be impounded and forfeited to Plaintiff, under 17 U.S.C. § 503.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. That Defendants, their affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

i. using the BEVERAGE BARRICADE Works or any reproductions, copies, or colorable imitations thereof in any manner with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine

BEVERAGE BARRICADE Product or is not authorized by Plaintiff to be sold in connection with the BEVERAGE BARRICADE Works;

ii. passing off, inducing, or enabling others to sell or pass off any product as a genuine BEVERAGE BARRICADE Product or any other product produced by Plaintiff that are not Plaintiff's or are not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the BEVERAGE BARRICADE Works;

iii. committing any acts calculated to cause consumers to believe that Defendants' infringing products are sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

iv. further infringing the BEVERAGE BARRICADE Works and damaging Plaintiff's goodwill;

v. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which use the BEVERAGE BARRICADE Works or any reproductions, copies, or colorable imitations thereof; and

vi. using, linking to, transferring, selling, exercising control over, or otherwise owning Defendant Internet Stores or any other online marketplace account that is being used to sell or is the means by which Defendants could continue to sell knockoff products or inventory; and

B. Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces such as: Aliexpress;

payment processors such as: PayPal, Stripe, Payoneer, and LianLian; social media platforms such as: Facebook, Instagram, Snapchat, TikTok, YouTube, LinkedIn, and Twitter; Internet search engines such as Google, Bing, and Yahoo; webhosts for the Defendants Domain Names; and domain name registrars, that are provided with notice of the injunction, cease facilitating access to any or all webstores through which Defendants engage in the sale of infringing products using the Plaintiff's copyrights; shall:

i. disable and cease providing services for any accounts through which Defendants engage in the sale of knockoff BEVERAGE BARRICADE Products using or bearing BEVERAGE BARRICADE Works or any reproductions, copies, or colorable imitations thereof, including any accounts associated with the Defendants listed on Schedule A;

ii. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of knockoff BEVERAGE BARRICADE Products using or bearing BEVERAGE BARRICADE Works or any reproductions, copies, or colorable imitations thereof; and

iii. take all steps necessary to prevent links to Defendants' accounts identified on Schedule A from displaying in search results, including, but not limited to, removing links to Defendants' accounts from any search index; and

C. For Judgment in favor of Plaintiff against Defendants that they have: a) willfully infringed Plaintiff's rights in its federally registered copyrights pursuant to 17 U.S.C. §501; and b) otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

D. That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged as provided by 17 U.S.C. § 504(b).

E. In the alternative, that Plaintiff be awarded statutory damages pursuant to 17 U.S.C. §504(c)(2) of $150,000 for each and every use of Plaintiff's copyrighted works;

F. That Plaintiff be awarded its reasonable attorneys' fees and costs; and,

G. That Plaintiff be awarded any and all other relief that this Court deems equitable and just.

Plaintiff demands trial by jury as to all causes of action so triable.

Dated: September 18, 2026

Respectfully submitted,

/s/ James E. Judge

Zareefa B. Flener (IL Bar No. 6281397)
James E. Judge (IL Bar No. 6243206)
Ying Chen (IL Bar No. 6346961)
Flener IP Law, LLC
77 West Washington Street, Suite 800
Chicago, Illinois 60602
(312) 724-8874
jjudge@fleneriplaw.com